UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| SUSAN GARBARINO, individually, and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　　Plaintiff,<br>v.<br><br>NAHON, SAHAROVICH, & TROTZ, PLC,<br><br>　　　　　　　　　　　　Defendant. | Case No. 4:23-cv-01326-JMB<br><br>**CLASS ACTION**<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

Before the Court is the Unopposed Motion for Preliminary Approval of Class Action Settlement, (the "Motion") (Doc. 30), and the attached Settlement Agreement with accompanying exhibits attached thereto (the "Settlement Agreement")[1] (Exhibit A). Having fully considered the issue, the Court hereby **GRANTS** the Motion and orders as follows:

1. **Class Certification for Settlement Purposes Only**. The Settlement Agreement provides for a Settlement Class defined as follows:

    "All individuals within the United States of America whose Personal Information was potentially exposed to unauthorized third parties as a result of the Data Security Incident."

Excluded from the Settlement Class are Defendant and Defendant's parents, subsidiaries, affiliates, officers and directors and any entity in which Defendant has a controlling interest, all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out, any and all federal, state or local governments, including but not limited to its departments, agencies, divisions, bureaus, boards, sections, groups, counsel and/or

---

[1] All defined terms herein cited have the same meaning as set forth in the Settlement Agreement.

subdivisions, and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

Pursuant to Federal Rules of Civil Procedure Rule 23(e)(1), the Court finds giving notice is justified. The Court finds that it will likely be able to approve the proposed Settlement as fair, reasonable and adequate. The Court also finds it will likely be able to certify the Settlement Class for purposes of judgment on the Settlement because they meet the requirements of Rule 23(a) and the requirements of Rule 23(b)(3). Specifically, the Court finds for settlement purposes only that (i) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable, (ii) there are issues of law and fact that are common to the Settlement Class, (iii) the claims of Settlement Class Representative are typical of and arise from the same operative facts and Settlement Class Representative seeks similar relief as the claims of the Settlement Class Members, (iv) Settlement Class Representative will fairly and adequately protect the interests of the Settlement Class as Settlement Class Representative has no interest antagonistic to or in conflict with the Settlement Class and has retained experienced and competent counsel to prosecute this Litigation on behalf of the Settlement Class, (v) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members, and (vi) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this Litigation.

**2.     Settlement Class Representatives and Settlement Class Counsel.** Solely for purposes of this settlement, the Court finds Plaintiff Susan Garbarino will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as the Settlement Class Representative. Additionally, and also solely for purposes of this settlement, the Court finds that Laura Van Note of Cole & Van Note satisfies the requirements of Rule 23(e)(2)(A) and should be appointed as

Class Counsel pursuant to Rule 23(g)(1).

3. **<u>Preliminary Settlement Approval.</u>** Upon preliminary review, the Court finds the Settlement is fair, reasonable and adequate to warrant providing Notice of Settlement to the Settlement Class and accordingly is preliminarily approved. In making this determination, the Court has considered the monetary benefits provided to the Settlement Class through the Settlement, the specific risks faced by the Settlement Class in prevailing on their claims, the stage of the proceedings at which the Settlement was reached and the discovery that was conducted, the effectiveness of the proposed method for distributing relief to the Settlement Class, the proposed manner of allocating benefits to Settlement Class Members and all of the other factors required by Rule 23.

4. **<u>Jurisdiction.</u>** The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and personal jurisdiction over the Parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1).

5. **<u>Final Approval Hearing.</u>** A Final Approval Hearing shall be held on **<u>September 4, 2025 at 9:30 a.m.</u>** at the Thomas F. Eagleton Courthouse, Courtroom 15 South, 111 South 10th Street, St. Louis, MO 63102 to determine, among other things, whether (i) this Litigation should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. Rule 23(a) and (b)(3), (ii) the Settlement should be approved as fair, reasonable and adequate and finally approved pursuant to Fed. R. Civ. P. Rule 23(e), (iii) Settlement Class Members should be bound by the releases set forth in the Settlement Agreement, (iv) the application of Settlement Class Counsel for an award of attorneys' fees, costs and expenses should be approved pursuant to Fed. R. Civ. P. Rule 23(h), and (v) the application of the Settlement Class Representative for a Service Award should be approved.

6.     **Claims Administrator.** The Court appoints Epiq as the Claims Administrator. The Claims Administrator is directed to perform all tasks the Settlement Agreement requires. The Claims Administrator's fees will be paid pursuant to the terms of the Settlement Agreement.

7.     **Notice.** The proposed Notice Plan set forth in the Settlement Agreement and the Notices and Claim Form attached to the Settlement Agreement as **Exhibits A, B,** and **C** are hereby approved. Non-material modifications to these Exhibits may be made with approval by the Parties but without further order of the Court.

8.     **Findings Concerning Notice.** The Court finds the proposed form, content and method of giving Notice to the Settlement Class as described in the Notice Plan and the Settlement Agreement and its Exhibits: (i) will constitute the best practicable notice to the Settlement Class, (ii) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation, the terms of the proposed Settlement and their rights under the proposed Settlement, including, but not limited to, their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement, (iii) are reasonable and constitute due, adequate and sufficient notice to all Settlement Class Members and other persons entitled to receive notice, (iv) meet all applicable requirements of law, including Fed. R. Civ. P. Rule 23(c), and (v) the Due Process clauses of the United States Constitution. The Court further finds the Notice is written in plain language, uses simple terminology and is designed to be readily understandable by Settlement Class Members.

The Claims Administrator is directed to carry out the Notice in conformance with the Settlement Agreement.

9.     **Class Action Fairness Act Notice.** Within 10 days after the filing of the motion for preliminary approval, Defendant shall have served or caused to be served a notice of the

proposed Settlement on appropriate state officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

**10**.     **Exclusion from the Class.** Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written opt-out Request for Exclusion to the Claims Administrator at the address and in the manner provided in the Notice. Such opt-out Requests for Exclusion must meet the Opt-Out Deadline established by this Order and stated in the Notice.

For a Request for Exclusion to be properly completed and executed, subject to approval by the Court, it must include: (1) the name of the proceeding, (2) the individual's full name, (3) current address, (4) personal signature, and (5) the words "Request for Exclusion" or a comparable statement that the individual does not wish to participate in the Settlement at the top of the communication. All Requests for Exclusion must be submitted individually in connection with a Settlement Class Member (i.e., one request is required for every Settlement Class Member seeking exclusion).

Within 3 days after the Opt-Out Deadline, the Claims Administrator shall provide Class Counsel and Defendant's Counsel with a complete and final list of all Opt-Outs who have timely and validly excluded themselves from the Settlement Class and, upon request, copies of all completed Requests for Exclusions.

If the final Judgment is entered, any Settlement Class Member who has not submitted a timely, valid written Opt-Out Request for Exclusion from the Settlement Class shall be bound by all subsequent proceedings, orders and judgments in this Litigation, including but not limited to the release set forth in the Final Judgment. Settlement Class Members who submit valid and timely Opt-Out Requests for Exclusion shall not be entitled to receive any benefits from the Settlement.

      **11.**    **Objections and Appearances.** A Settlement Class Member who does not file a valid and timely Request for Exclusion may file with the Court a notice of intent to object to the Class Settlement Agreement. The Long Form Notice shall instruct Settlement Class Members who wish to object to the Agreement to send their written objections to the Claims Administrator. The Notice shall make clear the Court can only approve or deny the Class Settlement Agreement and cannot change the terms. The Notice shall advise Settlement Class Members of the deadline for submission of any objections. Any such notices of an intent to object to the Class Settlement Agreement must be written and must include all of the following: (i) the name of the proceedings, (ii) the Settlement Class Member's full name, current mailing address, telephone number, and e-mail address, (iii) a written statement of the specific grounds for the objection, as well as any legal basis and documents supporting the objection, (iv) a written statement as to whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class, (v) the identity of any and all attorneys representing the objector, (vi) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing, and (vii) the signature of the Settlement Class Member or the Settlement Class Member's attorney. To be timely, written notice of an objection in the appropriate form must be filed or postmarked no later than sixty days after the Notice Deadline.

      Any Settlement Class Member who fails to comply with the provisions in this Order will waive and forfeit any and all rights they may have to object, will have their objection stricken from the record and will lose their rights to appeal from approval of the Settlement. Any such Settlement Class Member also shall be bound by all subsequent proceedings, orders and judgments in this Litigation, including but not limited to the release set forth in the Final Judgment.

      **12.**    **Claims Process.** Settlement Class Counsel and Defendant have created a process

for Settlement Class Members to claim benefits under the Settlement. The Court preliminarily approves this process and directs the Claims Administrator to make the Claim Form or its substantial equivalent available to Settlement Class Members in the manner specified in the Notice.

The Claims Administrator will be responsible for effectuating the claims process.

Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice and the Claim Form. If the Final Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit but will in all other respects be subject to and bound by the provisions in the Final Judgment, including the release.

**13.** **<u>Termination of Settlement</u>.** This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing before the Court entered this Order and before they entered the Settlement Agreement, if: (i) the Court does not enter this Preliminary Approval Order, (ii) Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement, or (iii) there is no Effective Date. In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

**14.** **<u>Use of Order</u>.** This Order shall be of no force or effect if the Final Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession

or declaration by or against Defendant of any fault, wrongdoing, breach or liability. Nor shall this Order be construed or used as an admission, concession or declaration by or against the Settlement Class Representative or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable or as a waiver by any party of any defense or claims they may have in this Litigation or in any other lawsuit.

15. **Continuance of Hearing.** The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the Claims Administrator. The Court may approve the Settlement, with such modifications as may be agreed upon by the Parties, if appropriate, without further notice to the Settlement Class.

16. **Stay of Litigation.** All proceedings in the Litigation other than those related to approval of the Class Settlement Agreement are hereby stayed. Further, any actions brought by Settlement Class Members concerning the Released Claims are hereby enjoined and stayed pending Final Approval of the Class Settlement Agreement.

17. **Schedule and Deadlines.** The Court orders the following schedule of dates for the specified actions/further proceedings:

| Event | Timing |
|---|---|
| **Defendant Provides CAFA Notice required by 28 U.S.C. § 1715(b)** | Within 10 days after the filing of Plaintiff's Motion for Preliminary Approval of the Class Action Settlement |
| **Defendant Provides Class List to Claims Administrator** | Within 10 days after entry of this Preliminary Approval Order |
| **Notice Deadline for Claims Administrator to Send Summary Notice** | Within 30 days after the entry of this Preliminary Approval Order |

| Event | Timing |
|---|---|
| **Motion for Attorneys' Fees, Reimbursement of Costs and Expenses and Service Award to be Filed by Class Counsel** | At least 14 days before the Opt-Out and Objection Deadline |
| **Postmark Deadline for requests for Exclusion (Opt-Out) or Objections** | 60 days after entry of the Notice Deadline |
| **Postmark/Filing Deadline for Filing Claims** | 120 days after Notice is sent |
| **Motion for Final Approval** | At least 14 days before the Final Approval Hearing |
| **Final Approval Hearing** | **September 4, 2025 at 9:30 a.m.** |

**SO ORDERED**.

Dated:  January 28, 2025

*/s/ John M. Bodenhausen*
**JOHN M. BODENHAUSEN**
**UNITED STATES MAGISTRATE JUDGE**