**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| SUSAN GARBARINO, individually, and on behalf of all others similarly situated, | ) ) ) | **Case No. 4:23-cv-01326-JMB** |
| | ) | **CLASS ACTION** |
| Plaintiff, | ) | |
| v. | ) ) | |
| NAHON, SAHAROVICH, & TROTZ, PLC and DOES 1 through 100, inclusive, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

**DECLARATION OF LAURA VAN NOTE IN SUPPORT OF PLAINTIFF'S MOTION**
**FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

I, Laura Van Note, do hereby declare as follows:

1.    I am an attorney-at-law, licensed to practice in all jurisdictions of this State, and I am a Shareholder at the law firm of Cole & Van Note ("CVN"), attorneys for Representative Susan Garbarino ("Plaintiff") and the Proposed Class.

2.    I make these statements based on personal knowledge, would so testify if called as a witness at trial and have personal knowledge of the foregoing. I make this Declaration in Support of Plaintiff's Motion for Final Approval of Class Action Settlement.

3.    Plaintiff alleges unauthorized third parties exploited a vulnerability in Defendant's computer systems and accessed Defendant's network and accessed and/or exfiltrated Class Members' sensitive, non-public protected health information ("PHI") and personally identifiable information ("PII") (the "Data Security Incident").

4.    Plaintiff alleges the Data Security Incident began on June 28, 2023. Plaintiff alleges that Defendant sent notice to potentially affected individuals beginning on September 12, 2023

1

5.      Plaintiff received such a notice on or around September 12, 2023, and subsequently filed suit in this Court seeking damages for the class for lost time, the threat of future harm, out-of-pocket expenses and other injuries related to this event.

6.      Defendant filed an answer to the Complaint. The Parties mediated pursuant to the Court's Order on March 18, 2024, but did not reach a compromise. Shortly after, both Parties served discovery.

7.      The Parties engaged the Honorable David E. Jones (former United States Magistrate Judge) of Resolute Systems, LLC as a mediator to oversee a second mediation of the Action on July 23, 2024, which was successful.

8.      Class Counsel has thoroughly investigated the key facts of this case. Class Counsel's investigation, combined with the information exchanged in connection with mediation, provided Class Counsel with sufficient understanding about the relative strengths and weaknesses of the various claims and defenses at issue in this case to reach an informed decision and a fair resolution.

9.      On January 28, 2025, this Court preliminarily approved the Settlement and ordered that notice be given to the Class. (Doc. 31).

## SETTLEMENT PROCESS

10.     Class Counsel conducted a thorough investigation into the facts of this Action. The Parties engaged in extensive informal discovery and production of data for the putative Class Members to perform an analysis and valuation of all claims. Prior to mediation, the Parties exchanged information and documents to investigate the veracity, strength and scope of the claims, and to allow analysis and evaluation of the claims and Defendant's defenses thereto. Representative Plaintiff has vigorously prosecuted this case, and Defendant has vigorously contested it. Class Counsel believes that the documents exchanged and analyzed in preparation for mediation, as well

as the Parties' discussions during mediation was sufficient for the Parties to make an informed decision about a fair resolution of this Action.

11.    On July 23, 2024, the Parties participated in a mediation before respected and experienced mediator Honorable David E. Jones. At mediation, the Parties exchanged information and documents, including a substantial amount of information requested in Plaintiff's prior informal discovery requests, and engaged in intensive discussions regarding their evaluations of the litigation and various aspects of the litigation, including the risks and delays of further litigation, the risks to the Settling Parties of proceeding with class certification, the law relating to the allegations, the evidence produced and analyzed and the possibility of appeals, among other things. Due to the Parties' extensive experience in data breach and class action litigation, the Parties were able to determine the principle of the matter relatively quickly and spent the majority of the mediation discussing the nature of and size of the proposed Settlement Fund.  The Parties were able to come to an agreement at mediation and ended the mediation session with a settlement in principle. No side agreements were made (i.e., the Settlement Agreement is the only agreement between the Parties). The Parties reached an agreement in principle on the material terms of the Settlement before negotiating on attorneys' fees and costs.

12.    The Parties diligently worked on a Notice Plan, Notices, Claim Forms and other exhibits alongside the long-form settlement agreement until filing this Motion for Final Approval. Many redline drafts were exchanged.

13.    The long-form Settlement Agreement was finalized and signed as of October 31, 2024. The requested Attorneys' Fees and Costs of up to $77,492 are only one-third of the total Settlement fund and will, almost certainly, represent a negative multiplier on Proposed Class Counsel's lodestar by the time of Final Approval, considering that Proposed Class Counsel have

vigorously litigated this matter including engaging in substantial arm's-length negotiations with Defendant to bring about a successful resolution of this matter the request here is reasonable.

14.     The risk, expense and complexity of further litigation is significant. If the case were to proceed without settlement, the Parties will face the following hurdles: (1) expensive and extremely time-consuming ESI-related discovery efforts that often involve developing appropriate ESI protocols and then compiling and reviewing voluminous document productions of a highly technical nature; (2) due to the complexity of the ESI, the Parties will almost certainly need to retain cybersecurity experts who can parse and evaluate the data among other issues and (3) substantial motion practice on an array of issues such as standing, causation, damages and injunctive relief.

15.     There is also substantial risk in Plaintiff obtaining and maintaining class certification. Class certification outside the settlement context poses a significant challenge.

16.     Taking this case to trial and evaluating potential damages would be highly risky as few, if any, data breach trials have been conducted. The reality is that even if Plaintiff did successfully obtain a substantial verdict, there are significant questions whether this particular Defendant (which is not a large entity with deep pockets) can satisfy the judgment.

17.     In short, without the Settlement, the parties would face years of risk, uncertainty, complexity and expense, and these challenges would remain through certification, trial and appeals. All of these issues would persist without any guarantee of relief for the class.

18.     The fact that only a modest number of Settlement Class Members have taken advantage of the benefits offered under the Settlement does not change the fact that the Settlement is fair. The overwhelming majority of the Class received Notice of the Settlement. Class Counsel has no way to further incentivize Class Members to make claims, other than to make these robust amounts available if they do make claims. The best Counsel can do is make available an adequate

amount to those who believe they have claims and to make that claims/collection process simple. That process occurred in this case. Put another way, the Settlement is a complete success because it created a process to compensate those Settlement Class Members who, in fact, suffered actual damages.

19.     This Data Breach involves limited exposure of Private Information. Since Plaintiff was the only individual to come forward and file a lawsuit, it is unclear how many of these individuals suffered actual injury. Indeed, it follows that most, if not all, of the individuals who experienced any unauthorized charges to their accounts would have been reimbursed by their bank or card issuer pursuant to federal law[1] (though Class Members may still claim unreimbursed card or bank fees). Accordingly, the remaining compensable claims are for lost time and modest damages for out-of-pocket expenses (e.g., postage, paying for credit freezes, etc.). Reimbursement for Ordinary Losses and Attested Time of $5,000 per person is more than enough to satisfy the vast bulk of potential claims, given the nature of the information involved here.

20.     My firm requests $77,492 for Attorneys' Fees (i.e. one-third of the settlement fund). This award is comparable with other data breach settlements. The Parties were able to avoid substantial pleading challenges, motion practice and discovery by resolving their disputes, and the ultimate dispute, with minimal court intervention. In an effort to decrease legal fees, and while staying firm in their positions when needed, the Parties cooperated with each other. This focus on settlement (instead of padding Class Counsel's lodestar with unnecessary/excessive litigation) undoubtedly left more funds available to put toward the settlement, as opposed to those available funds being depleted as defense litigation costs/fees. CVN has devoted over 212 hours of time to this litigation, faced significant risks in the prosecution of these matters and, more importantly,

---

[1] *See e.g.*, the Fair Credit Billing Act (15. U.S.C. 1666, *et seq*.).

provided a substantial benefit to otherwise unrepresented individuals. Class Counsel's efforts include, *inter alia*, litigating this matter in federal court, conducting informal discovery in preparation for mediation, analyzing data for mediation, engaging in a full day of mediation, preparation of the Settlement Agreement and exhibits thereto and drafting the Motions for preliminary and final approval. In all, when compared to other data breach settlements, the value provided to the Settlement Class here is significant, and the fees modest and well-deserved.

21.     Furthermore, over the course of this litigation, Class Counsel incurred ordinary litigation costs totaling $3,429, and anticipate incurring additional expenses for making future appearances, etc. Such costs were reasonable, necessary and are appropriate for reimbursement. Because the costs incurred by Plaintiff's council were reasonable and necessary, the Court should approve

22.     A Service Award for the named Plaintiff will be sought in the amount of $2,500 for Plaintiff's efforts and for her courage in stepping forward. Plaintiff was available as a proposed class representative, filed a lawsuit and worked with her attorneys as needed throughout the litigation. Plaintiff was available for questions and to supply documents to his attorneys and helped vigorously litigate the case. Plaintiff expended time and resources that other Class Members did not in litigating his case. Her efforts should be rewarded. The Service Award will have little to no impact on Class Members' ability to receive compensation through the Settlement Fund. Class Counsel is not aware of any antagonism or conflict of interest between Plaintiff and the putative Class. In fact, Plaintiff has been appropriately involved in this case and has stayed in routine contact with my firm. Additionally, she assisted with the prosecution efforts that included frequent emails and telephone calls with counsel.

23.     The Settlement further provides for reimbursement of Settlement Administrator Epiq's costs. In this case, Epiq submitted a competitive bid of $58,000, a reasonable amount given the size of the Class and the work required to send the Notice, process settlement checks, establish and update a settlement website and communicate extensively with Class Members and Class Counsel.

24.     Plaintiff respectfully requests the Court grant final approval of the Settlement, enter judgment against Defendant pursuant to the terms of the Settlement, approve Class Counsel's application for Attorneys' Fees and Costs, approve the requested Service Award to the Representative Plaintiff and approve reimbursement of the Settlement Administration Costs.

25.     As Class Counsel, I support the Settlement. In my opinion, the Settlement is fair, reasonable and adequate, and believe it is in the best interest of the Class as a whole.

## EXPERIENCE, QUALIFICATION AND VIEWS ON SETTLEMENT

26.     My firm acted here as putative Class Counsel, and I was personally and actively involved in all aspects of the proceedings on this case. I am familiar with this litigation and negotiated the proposed settlement. My experience and that of other members of my firm benefited the efficient litigation of this matter and the settlement negotiations in this case significantly.

27.     I have practiced law exclusively as a litigation attorney since 2013. I have a Bachelor of Arts Degree in History from the University of Missouri, Kansas City and graduated from the University of Missouri, Kansas City School of Law. I am admitted to practice law in Missouri, Kansas and California. I have also been admitted to practice before United States District Courts in California, Missouri and Kansas and have been admitted *Pro Hac Vice* before the courts in several other states. I have personally handled over 100 class/representative actions since I devoted my practice to this area in 2018.

28.     CVN, which current Shareholder Scott Edward Cole founded in 1992, is a specialized practice devoted almost exclusively to prosecuting class action matters and has so engaged in that area of practice for the near entirety of its existence. In its over 30-year history, CVN has prosecuted hundreds of class and/or complex/representative cases. A selection of some of the more unique cases are identified in the firm's professional resume.

29.     While almost entirely devoted today to prosecuting cybersecurity class actions, CVN's past experiences run deep across various areas of the law—from employment wage and hour and discrimination cases, to consumer, personal injury and environmental class actions/mass tort cases. CVN has successfully achieved class certification in varied factual scenarios, some of the more unique or difficult situations being set forth in the firm's resume. Some better-known and/or "game changing" cases include: *Kurihara v. Best Buy Co., Inc.*, 2007 U.S. Dist. LEXIS 64224 (N.D. Cal. Aug. 29, 2007) (obtaining certification for a class of over 52,000 current and former store employees bringing bag check claims); *Tierno v. Rite Aid Corp.,* 2006 U.S. Dist. LEXIS 71794 (N.D. Cal. Aug. 31, 2006) (oft-cited Order certifying a class of approximately 1,100 California retail store managers alleging overtime misclassification); *Torres v. ABC Security*, Case No. RG04158744 (Alameda County Superior Court 2006) (obtaining certification of a class of over 1,600 security guards working at scores of different work sites); *Fulton v. Sports and Fitness Clubs of America, dba 24 Hour Fitness, USA, Inc.,* San Diego County Superior Court Case No. GIC881669 (consolidated with Case No. GIC873193) (Order certifying class of over 7,000 fitness club group exercise instructors); *Rowe v. California Commerce Club,* Los Angeles County Superior Court Case No. BC321283 (consolidated with Case No. BC288079) (Order certifying tip-pooling claims on behalf of a class of approximately 2,000 card room dealers); and *Rodriguez v. Pleasanton Fitness*,

Contra Costa County Superior Court Case No. MSC17-00376 (Order certifying two classes of fitness club workers). This list is far from being exhaustive.

30.    Drawing upon that diverse background, CVN is nowadays devoted almost entirely to the prosecution of data breach class actions, with the vast bulk of its caseload being cases involving almost identical legal and factual issues to those presented in the instant case. In these matters, CVN serves in a variety of roles, oftentimes in various leadership positions. For example, CVN has served as court-appointed lead or co-lead counsel in various data breach matters, including, but not necessarily limited to: *Henderson, et al. v. Reventics, LLC*, Case No. 1:23-cv-00586-MEH (D. Colo.) (court appointed co-lead counsel); *Hinds, et al. v. Community Medical Centers, Inc.*, Case No. STK-CV-UNPI-2021-10404 (Super. Ct. Cal. San Joaquin Cnty.) (court appointed co-lead counsel); *Tsvetanova, et al. v. UCSD Health*, Case No. 37-2021-00039888-CU-PO-CTL (Super. Ct. Cal. San Diego Cnty.) (court appointed co-lead counsel); *In Re: Rackspace Data Security Litigation*, No.: SA-22-cv-01296-XR (W.D. Tex.) (court appointed lead counsel); *Fedorys, et al. v. Ethos Group Inc.*, Case No. 3:22-cv-2573-M (N.D. Tex.) (court appointed co-lead counsel); *Moreland, et al. v. 1st Franklin Financial Corporation*, Case No. 2:23-cv-00038-SCJ (N.D. Ga.) (court appointed co-lead counsel); *Domitrovich, et al. v. MC Dean, Inc.*, Case No. 1:23-cv-00210-CMH-JFA (E.D. Va) (court appointed co-lead counsel); *Deevers, et al. v. Wing Financial Services, LLC.*, Case No. 4:22-cv-00550-CVE-MTS (N.D. Okla.) (court appointed co-lead counsel); *Darrin v. Huntington Ingalls Industries, Inc.*, Case No. 4:23-cv-00053-JKW-DEM (E.D. Va.) (court appointed co-lead counsel); *Guerrero v. Merritt Healthcare Holdings, LLC*, Case No. 3:23-cv-00389-MPS (D. Conn.) (court appointed co-lead counsel); *Prutsman v. Nonstop Administration and Insurance Services, Inc.*, Case No. 3:23-Cv-01131-VC (N.D. Cal.) (court appointed co-lead counsel); *In re DISH Network Data Security Incident Litigation*, Case No. 1:23-cv-01168-RMR-SBP (D. Colo.) (court appointed co-

lead counsel); and *Byers v. Orthoalaska, LLC*, Case No. 3:23-cv-00243-SLG (D. Alaska) (court appointed co-lead counsel). CVN also serves in more informal (e.g., stipulated) leadership positions in numerous other data breach cases and in sole counsel roles in dozens more—actions currently venued across roughly 30 states. What's more, CVN has a near perfect track record of being appointed lead or co-lead counsel in every data breach class action in which it sought such appointment.

31.    I was involved in the proceedings on this case and are familiar with this litigation and the proposed Settlement. My decades of experience informed the settlement negotiations. I believe this Settlement is fair, reasonable and adequate, and warrants approval. It is my opinion that, given the limited information accessed in the security incident, few if any Class Members would be able to prove damages over $500 at trial. Accordingly, I believe that all or nearly all Class Members who make claims can receive full value or close to full value for their claims. I am not aware of any other cases that will be affected by this Settlement.

32.    The basis for my opinion is derived from research relating to the filing of the case and issues of the case, multiple discussions with counsel for Defendant relating to case management, informal exchanges of discoverable information and documents, settlement negotiations, reviewing and analyzing documents and contracts, participating in settlement negotiations including drafting of mediation statements and attending various meetings relating to mediation including the all-day mediation sessions, drafting of the settlement documents, multiple phone conferences relating to the resolution and the drafting of this Declaration in Support of Final Approval.

33.    The basis for my opinion that this settlement that is fair, adequate and reasonable is further derived from research relating to the filing of the case and issues of the case, multiple

discussions with counsel for Defendant relating to case management, informal exchanges of discoverable information, and the settlement negotiations themselves.

## EXHIBITS

34.     Attached hereto as **Exhibit A** is a true and correct copy of CVN's firm resume.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 19, 2025 at Oakland, California.


By: /s/ Laura Van Note
    Laura Van Note, Esq., ED of MO# 310160CA
    **COLE & VAN NOTE**
    555 12th Street, Suite 2100
    Oakland, California 94607
    Telephone: (510) 891-9800
    Facsimile:  (510) 891-7030
    Email:      lvn@colevannote.com

# EXHIBIT A



# COLE & VAN NOTE

## ATTORNEYS AT LAW

*"A single voice has the power to push Big Business toward big change."*

# FIRM RESUME

## OVERVIEW OF OUR PRACTICE

Cole & Van Note ("CVN") is a boutique class action firm known for aggressive representation and impressive results in the areas of consumer fraud, data breach, environmental and employment litigation. Founded in 1992, CVN has been devoted primarily to such matters, having litigated hundreds of class actions against businesses of all types and in nearly every industry imaginable. The members of CVN have vast experience prosecuting class/complex actions, both in a sole counsel capacity and in leadership positions, oftentimes among many firms, in California and nationwide litigation. They have published numerous scholarly articles dealing with various substantive issues as well as class action litigation/procedure, speak regularly to legal audiences, and have served as consulting experts in class action litigation. CVN's team of skilled advocates has recovered billions of dollars for tens of millions of workers and consumers, been involved in record-setting settlements and judgments and compelled the correction of innumerable unlawful practices.



## SHAREHOLDERS & ASSOCIATE ATTORNEYS



**Scott Edward Cole**, founder and shareholder of Cole & Van Note, has extensive leadership experience prosecuting class action cases in federal and state courts nationwide. Mr. Cole has authored numerous scholarly publications and serves as highly regarded guest lecturer on issues surrounding class action procedures and negotiation theory. Mr. Cole has been responsible for shaping the law in trial and appellate courts for decades, authored the book "Fallout" and is available to serve as a mediator of class action disputes.

Credentials: Admitted, State Bar of California, 1992; University of San Francisco School of Law, J.D., 1992; President, University of San Francisco Labor & Employment Law Society; San Francisco State University, B.A., Speech Communications (Individual Major in Rhetoric), 1989, Minor Study in Business Administration, 1989; Admitted, United States District Court for all California Districts, the District of Colorado and the Western District of Michigan; Admitted, United States Court of Appeals (6th, 9th and 10th Circuits). Additionally, Mr. Cole is a former National Association of Securities Dealers Registered Representative (Series 7) and is/has been a

member of the Association of Trial Lawyers of America, California Lawyers Association, California Employment Lawyers Association, American Bar Association, Alameda County Bar Association (e.g., Vice Chair of ACBA's Labor & Employment Law Section Executive Committee), National Employment Lawyers Association and a U.S. Delegate to the InterAmerican Meeting of Labor and Trade Union Lawyers, Havana, Cuba (March 2012). Mr. Cole is also the author of "Fallout," a story based upon his experiences litigating in the wake of the 1994 airborne release of toxic chemicals by the Unocal Corporation and used by various law schools in the curriculum for first year law students.



**Laura Van Note**, shareholder, is an aggressive and skilled advocate and leads the firm's hiring and career outreach efforts. A 2013 graduate of the University of Missouri, Kansas City School of Law, her practice has focused primarily on class action representation of data breach victims and underpaid workers in employment/civil rights litigation. With a near-perfect track record for results, Ms. Van Note appears in courts across the nation, is licensed in Kansas and Missouri and in numerous federal districts.

Credentials: Admitted, State Bar of California, 2016; Admitted, State Bar of Missouri, 2013; Admitted, State Bar of Kansas, 2015; Admitted, United States District Court for all California Districts, the Eastern District of Wisconsin, District of Kansas, Eastern and Western Districts of Missouri, District of New Mexico, District of Nebraska, District of Colorado and the Northern District of Illinois; University of Missouri, Kansas City School of Law, J.D., 2013 (Order of the Barrister, Dean's List, Captain of the National Trial Advocacy Team, President of the American Constitutional Society for Law and Policy, Teaching Assistant to the Directory of Advocacy); University of Missouri, Kansas City, B.A., History, Minor in French, 2010.



**Cortney Szafran**, associate attorney, graduated from Stetson University College of Law in 2021 near the top of her class, then completing her LL.M. in the top 2% of her class from the University of California, Los Angeles School of Law. While in school at UCLA, Ms. Szafran also served as Chief Managing Editor of the Journal of Gender & Law. After graduation, she served as a civil defense attorney representing Fortune 500 companies as national counsel in complex litigation including products liability, premises liability and personal injury matters. Ms. Szafran brings a unique perspective and set of skills to the firm's high profile consumer and employment class action practice.

Credentials: Admitted, State Bar of Florida, 2021; Admitted, United States District Court for the Middle District of Florida; Stetson University College of Law, J.D., 2021; University of South Florida, St. Petersburg, B.S., Business Economics (Minor in International Business), magna cum laude.



**Mark T. Freeman**, associate attorney, graduated from Pacific McGeorge School of Law in 2013 near the top of his class. During law school, Mr. Freeman engaged in the McGeorge Trial Advocacy Program (which he completed with Honors) and served as Chief Comment Editor for the McGeorge Law Review. A published author ("BarCram: How To Survive the Last Two Weeks Before You Take (And Pass) the California Bar"), Martindale-Hubbell "AV Preeminent" rated attorney and Certified Mediator, Mr. Freeman is also member of the Consumer Attorneys of California, the Congress of Neutrals and the Contra Costa County Bar Association. At CVN, Mr. Freeman utilizes his vast litigation experience in the areas of class action consumer, employment and data breach law.

Credentials: Admitted, State Bar of California, 2013; Admitted, State Bar of Texas, 2025; Admitted, District of Columbia Bar, 2025; Admitted, United States District Courts for the Northern, Central and Eastern Districts of California; Admitted, 9th Circuit Court of Appeals; Pacific McGeorge School of Law, J.D., 2013 (Order of the Coif; McGeorge Law Review); Saint Mary's College of California, B.A. in Economics; Minor in English & Creative Writing (Honors: Br. U. Jerome Griffin Award at Graduation (highest award in School of Econ. and Business)), 2010.

Interim Counsel not listed.

## SCHOLARLY PUBLICATIONS

The following represent examples of how CVN has elected to give back and help shape the law though our own articles, opinion pieces and the like – some examples of this including:

*The Quest for Class Certification*, Employment Law Strategist (Sept. & Oct. 2003).

*To Be or Not to Be a Penalty: Defining the Recovery Under California's Meal and Rest Period Provisions*, Golden Gate U. L. Rev. (Spring 2005).

*To Certify or Not to Certify: A Circuit-By-Circuit Primer of the Varying Standards for Class Certification in Actions under the Federal Labors Standards Act*, B.U. Pub. Int. L.J. (Spring 2004).

*Kullar v. Footlocker Retail, Inc.: A New Standard for Class Action Settlement Approval*, CELA Bulletin (April 2009).

*Ninth Circuit Provides Much Needed Guidance on Evidentiary Burdens in Overtime Misclassification Litigation,* CELA Bulletin (May 2009).

*Putting the "Rest" Back in Rest Break,* Alameda County Bar Association - Labor & Employment Section News (Autumn 2009).

*Barristers to Blogs: Softening Ethical Restrictions in the Digital Age,* Los Angeles Daily Journal (June 14, 2010).

## LEADERSHIP ROLES

CVN has held numerous court-appointed sole- and co-leadership positions in state and federal courts across the nation. Recent lead counsel appointments include:

- In Re: Rackspace Data Security Litigation, No. SA-22-cv-01296-XR (W.D. Tex.) (court appointed sole lead counsel)

- Henderson v. Reventics, LLC, Case No. 1:23-cv-00586-MEH (D. Colo.) (court appointed co-lead counsel)

- Hinds v. Community Medical Centers, Inc., Case No. STK-CV-UNPI-2021-10404 (Super. Ct. Cal. San Joaquin Cnty.) (court appointed co-lead counsel)

- <u>Tsvetanova v. UCSD Health</u>, Case No. 37-2021-00039888-CU-PO-CTL (Super. Ct. Cal. San Diego Cnty.) (court appointed co-lead counsel)

- <u>Fedorys v. Ethos Group Inc.</u>, Case No. 3:22-cv-2573-M (N.D. Tex.) (court appointed co-lead counsel)

- <u>Moreland v. 1st Franklin Financial Corporation</u>, Case No. 2:23-cv-00038-SCJ (N.D. Ga.) (court appointed co-lead counsel)

- <u>Domitrovich v. MC Dean, Inc.</u>, Case No. 1:23-cv-00210-CMH-JFA (E.D. Va.) (court appointed co-lead counsel)

- <u>Deevers v. Wing Financial Services, LLC</u>, Case No. 4:22-cv-00550-CVE-MTS (N.D. Okla.) (court appointed co-lead counsel)

- <u>Darrin v. Huntington Ingalls Industries, Inc.</u>, Case No. 4:23-cv-00053-JKW-DEM (E.D. Va.) (court appointed co-lead counsel)

- <u>Guerrero v. Merritt Healthcare Holdings, LLC</u>, Case No. 3:23-cv-00389-MPS (D. Conn.) (court appointed co-lead counsel)

- <u>Prutsman v. Nonstop Administration and Insurance Services, Inc.</u>, Case No. 3:23-Cv-01131-VC (N.D. Cal.) (court appointed co-lead counsel)

- <u>In re DISH Network Data Security Incident Litigation</u>, Case No. 1:23-cv-01168-RMR-SBP (D. Colo.) (court appointed co-lead counsel)

- <u>Byers v. OrthoAlaska, LLC</u>, Case No. 3:23-cv-00243-SLG (D. Alaska) (court appointed co-lead counsel)

- <u>Tambroni v. WellNow Urgent Care, P.C.</u>, Case No. 1:24-cv-01595 (N.D. Ill.) (court appointed co-lead counsel)

- <u>Dryden v. Tri Counties Bank</u>, Case No. 23CV03115 (Super. Ct. Cal. Butte Cnty.) (court appointed co-lead counsel)

- <u>Brett v. Valley Mountain Regional Center</u>, Case No. STK-CV-UPl-2024-0005025 (Super. Ct. Cal. San Joaquin Cnty.) (court appointed co-lead counsel)

- <u>Cordell v. Patelco Credit Union</u>, Case No. 24CV082095 (Super. Ct. Cal. Alameda Cnty.) (court appointed co-lead counsel)

- <u>Skillings v. Access Sports Medicine and Orthopedics</u>, Case No. 218-2024-CV-01086 (Super. Ct. New Hampshire Rockingham Cnty.) (court appointed co-lead counsel)

- <u>Woodard v. Atlanta Women's Health Group, P.C.</u>, Case No 24EV001838H (State Ct. Georgia Fulton Cnty.) (court appointed co-lead counsel)

- <u>In Re: Cleveland Brothers Data Incident Litigation</u>, Case No. 1:23-cv-00501-JPW (M.D. Penn.) (court appointed co-lead counsel)

- <u>Hahn v. Phoenician Medical Center, Inc.</u>, Case No. CV2023-010982 (Super. Ct. Az. Maricopa Cnty.) (court appointed executive committee chair)

- <u>Daley v. Risas Holdings LLC</u>, Case No. CV-24-00789-PHX-SMM (D. Az.) (court appointed lead counsel)

- <u>Shweiki v. Donor Network West</u>, Case No. C20-00073 (Super. Ct. Cal. Contra Costa Cnty.) (court appointed lead counsel)

- <u>Lowrey v. Community Psychiatry Mgt., LLC</u>, Case No. 2:23-cv-00185-TLN-DB (E.D. Cal.) (court appointed co-lead counsel)

- <u>In Re: Blackhawk Network Data Breach Litig.</u>, Case No. 3:22-cv-07084-CRB (N.D. Cal.) (court appointed co-lead counsel)

- <u>In re Dropbox Sign Data Breach Litigation</u>, Case No. 4:24-cv-02637-JSW (N.D. Cal.) (court appointed co-lead counsel)

- <u>Bujok v. MC2 Data, LLC</u>, Case No. 0:24-cv-61864-LEIBOWITZ (S.D. Fla.) (court appointed co-lead counsel)

- <u>Francisco v. Diligent Acquisitions LLC</u>, Case No. 4:24-cv-04468 (S.D. Tex.) (court appointed co-lead counsel)

- <u>Oliver v. Jewish Home Lifecare</u>, Index No. 157811/2024 (N.Y. Sup. Ct., N.Y. County, Index No. 157811/2024) (court appointed co-lead counsel)

- <u>Hunt v. Charlston Area Medical Center, Inc.</u>, Case No. 2:25-cv-00113 (S.D.W.V.) (court appointed co-lead counsel)

- <u>Creutz v. Carespring Health Care Management LLC</u>, Case No. 1:24-cv-00447 (S.D.Ohio) (court appointed co-lead counsel)

- <u>Ceballos v. Tri-City Medical Center ASC Operators LLC</u>, Case No. 24CU017568C (Super. Ct. Cal. San Diego Cnty.) (court appointed co-lead counsel)

- <u>Lunsford v. Maryhaven Inc.</u>, Case No. 25CV003753 (Ct. of Common Pleas, Franklin Cty. Ohio) (court appointed co-lead counsel)

Note that CVN has held sole lead and co-leadership roles in hundreds of additional matters. Please contact our firm for additional leadership information.

⬡ **EXEMPLAR COMPLEX & CLASS ACTION CASES** ⬡

CVN's attorneys have represented tens of millions of individuals in legal disputes across hundreds of class action/complex litigation cases around the nation. For well over three decades, CVN's legal team has amassed extensive experience litigating data breach, wage and hour, environmental, and other personal injury and commercial cases. Today, the firm almost exclusively prosecutes multi-state data breach and other consumer-oriented class actions.

Drawing from various areas of law, and by nowhere close to an exhaustive list, examples of the range of CVN's practice include matters such as:

Augustus/Davis v. ABM Security Services, Inc. (American Commercial Security Service, Inc.)
Superior Court of California, County of Los Angeles, Case No. BC336416; 2 Cal.5th 257 (2016)
Our firm filed this action for violations of California law for denial of meal and rest periods toward security guards. The action achieved class certification status in 2009. Following summary judgment proceedings, a judgment of over $89 million was entered against the defendant(s). The judgment hinged on the issue of whether "on-duty" rest breaks were legally sufficient. After the Court of Appeal ruled against Plaintiffs on the issue, the case went to the California Supreme Court where Plaintiffs prevailed and, in so doing, created a new legal standard clarifying that "on-duty" rest breaks are invalid. After 12 years of litigation, successful summary judgment and substantial appellate work, this matter resolved for $110 million.

Bower v. Steel River Systems LLC
Illinois Fourteenth Judicial Circuit Court (Whiteside County), Case No. 2023-LA-000006
This action arose out of Steel River Systems' 2022 data breach which affected numerous consumers and/or employees. This action settled for an undisclosed amount.

Brett v. Valley Mountain Regional Center
Superior Court of California, County of San Joaquin, Case No. STK-CV-UPI-2024-0005025
This action arose out of Valley Mountain's 2023 data breach which affected 17,000 patients of Defendant's facilities. Cole & Van Note was appointed co-lead class counsel.

Bulow v. Wells Fargo Investments, LLC
United States District Court (N.D. Cal.), Case No. 3:06-CV-7924
This matter was filed as a nation-wide class action against Wells Fargo Investments, on behalf of its Financial Consultants to recover overtime pay, compensation for denied meal and rest periods (California only) and reimbursement for business related service and supply expenses (California only). This matter settled for $6.9 million.

Byers v. OrthoAlaska, LLC
United States District Court (D. Alaska), Case No. 3:23-cv-00243-SLG
This action arose out of OrthoAlaska's massive data breach which affected countless patients, consumers and/or employees. Cole & Van Note was court-appointed as co-lead class counsel.

Cano v. United Parcel Service, Inc.
Superior Court of California, County of Alameda, Case No. RG03089266
This wage and hour complex litigation matter involved the alleged misclassification of overtime non-exempt Operations Management Specialists, Operational Excellence Specialists and Industrial Engineering Specialist at this company's California facilities. This action settled for $4.5 million.

Chaidez v. Odwalla, Inc.
Superior Court of California, County of San Mateo, Case No. CIV430598
This wage and hour complex litigation matter involved the alleged misclassification of overtime non-exempt California Route Sales Representatives. CVN served as primary counsel for this proposed class of employees. This action settled for $2.2 million.

CKE Overtime Cases
Superior Court of California, County of Los Angeles, Case No. BC283274 (JCCP No. 4274)
This class action was brought against fast food chain Carl's Jr. for violations of California's overtime laws on behalf of the company's California restaurant chain Managers. The coordinated litigation provided a settlement fund of $9.0 million.

Cordell v. Patelco Credit Union
Superior Court of California, County of Alameda, Case No. 24CV082095
This action arose out of the well-publicized 2024 data breach and denial of service impacting well over 1,000,000 Patelco customers. As a result of the event, Patelco customers were blocked access to their funds and other services for weeks, resulting in myriad damages including rejection of loan applications, damage to their credit and the inability to pay everyday life expenses. Cole & Van Note was appointed co-lead class counsel. The matter settled for $7.25 million (settlement pending)

Darrin v. Huntington Ingalls Industries, Inc.
United States District Court (E.D. Va.), Case No. 4:23-cv-00053-JKW-DEM
This action arose out of Huntington Ingalls' massive data breach. Cole & Van Note was appointed by the court to a co-lead counsel position.

Davis v. Universal Protection Security Systems, Inc.
Superior Court of California, County of San Francisco, Case No. CGC-09-495528
Our firm filed a claim in 2009 against Universal Protection Security Systems, Inc. for violations of California law for denial of meal and rest periods toward security guards. This case settled under Cole & Van Note's sole leadership for $4 million.

Deevers v. Wing Financial Services, LLC
United States District Court (N.D. Okla.), Case No. 4:22-cv-00550-CVE-MTS
This action arose out of Wing Financial's 2022 data breach which affected numerous loan consumers. Cole & Van Note was appointed co-lead class counsel.

Despres (Cornn) v. United Parcel Service, Inc.
United States District Court (N.D. Cal.), Case No. 3:03-CV-02001
This wage and hour class action litigation was brought to remedy violations of meal and rest period regulations on behalf of the company's California ground delivery drivers. CVN served as co-counsel for the certified class of drivers. This action settled for $87 million, an unprecedented settlement amount at the time for such claims.

Domitrovich v. MC Dean, Inc.
United States District Court (E.D. Va.), Case No. 1:23-cv-00210-CMH-JFA
This action arose out of MC Dean's 2021 data breach which affected 45,000 employees. Cole & Van Note was appointed co-lead class counsel.

Dryden v. Tri Counties Bank
Superior Court of California, County of Butte, Case No. 23CV03115
This action arose out of Tri Counties' 2023 data breach which affected nearly 75,000 consumers. Cole & Van Note was appointed co-lead class counsel.

Escow-Fulton v. Sports and Fitness Clubs of America dba 24 Hour Fitness USA, Inc.
Superior Court of California, County of San Diego County, Case Nos. GIC881669/GIC873193)
Our firm filed this class action on behalf of the company's California "Group X" Instructors to recover regular and overtime pay, related penalties and un-reimbursed expenses. The action achieved class certification status in 2009. In 2011, the parties agreed to a partial settlement (of the expense reimbursement claims) for $10 million. The parties then filed cross-motions for summary adjudication and, on August 2, 2011, the court issued an Order finding 24 Hour Fitness' session rate compensation scheme to be an invalid piece rate. The parties then agreed to settle the unpaid wage claims for another $9 million, for a total judgment of $19 million. This was an industry changing case that helped define "piece rate" standard under California law.

Fedorys v. Ethos Group, Inc.
United States District Court (N.D. Tex.), Case No. 3:22-cv-02573-M
This action arose out of Ethos Group's 2022 data breach which affected at least 267,000 consumers. Cole & Van Note was appointed co-lead class counsel.

Guerrero v. Merritt Healthcare Holdings, LLC
United States District Court (D. Conn.), Case No. 3:23-cv-00389-MPS
This action arose out of Merritt Healthcare's 2022 data breach which affected over 77,000 patients. Cole & Van Note was appointed co-lead class counsel.

Hakeem v. Universal Protection Service, LP
Superior Court of California, County of Sacramento, Case Nos. 34-2020-00286228-CU-OE-GDS; 34-201900270901-CU-OE-GDS
After an exhaustive multi-year process including venue transfer, consolidation, migration of litigants from one case to the other, multiple appeals and, generally, extremely hard-fought litigation, these two security guard class actions achieved a consolidated judgment under Cole & Van Note's sole leadership for $10 million.

Head v. Regal Medical Group, Inc.
Superior Court of California, County of Los Angeles, Case No. 23STCV02939
This action arose out of this health care group 2023 data breach which affected roughly 3.3 million patients. Cole & Van Note served as the lead firm. The matter settled for $50 million (settlement pending).

Henderson v. Reventics, LLC
United States District Court (D. Colo.), Case No. 1:23-cv-00586-MEH
This action arose out of Reventics' massive 2022 data breach which affected over four million patients, consumers and employees. Cole & Van Note was appointed co-lead class counsel. The matter settled for $8.15 million (settlement pending).

Hinds v. Community Medical Centers
Superior Court of California, County of San Joaquin, Case No. STK-CV-UNPI-2021-0010404
This action arose out of Community Medical Centers' massive 2021 data breach which affected countless patients, consumers and/or employees. After reviewing competing requests for leadership over these consolidated actions, Cole & Van Note was appointed by the court to a co-lead counsel position. This action resulted in a multi-million-dollar judgment.

In re Apple Inc. Device Performance Litigation
United States District Court (N.D. Cal.), Case No. 5:18-md-02827-EJD
Following Apple's December 2017 admission that it throttled back performance of its iPhones (versions 6, 6 Plus, 6s, 6s Plus, SE, 7 and 7 Plus) to mask the problem of defective batteries and unexpected iPhone shut-downs, Cole & Van Note filed a class action to recover damages for consumers nationwide. Cole & Van Note served on the Plaintiffs' Steering Committee. This action settled for $500 million.

In re DISH Network Data Security Incident Litigation
United States District Court (D. Colo.), Case No. 1:23-cv-01168-RMR-SBP
This action arose out of DISH Network's massive data breach which affected over 300,000 workers. Cole & Van Note was appointed by the court to a co-lead counsel position.

In re Dropbox Sign Data Breach Litigation
United States District Court (N.D. Cal.), Case No. 4:24-cv-02637-JSW
This action arose out of Dropbox's massive data breach. Cole & Van Note was appointed by the court to a co-lead counsel position.

In re Rackspace Security Litigation
United States District Court (W.D. Tex.), Case No. SA-22-cv-01296
This action arises out of Rackspace Technology's 2022 massive ransomware event which shut down functionality for tens of thousands of individuals and businesses across the Unites States and overseas. Cole & Van Note served as court-appointed sole lead counsel for the nationwide class and representative plaintiffs from over 30 states.

In re Tosco SFR Litigation
Superior Court of California, County of Contra Costa, Case No. C97-01637
During incidents in April 1997 and January 1998, the Tosco Refinery in Rodeo, California released tons of airborne toxic chemicals. These harmful substances traveled into neighboring communities, seriously affecting the health of citizens and local workers. CVN served as Lead Counsel in this complex litigation and represented thousands of members of the community in that role. The multi-million-dollar fund created through this litigation under Cole & Van Note's sole leadership was disbursed among thousands of claimants and significantly change practices at this refinery ever since.

In re Unocal Refinery Litigation
Superior Court of California, County of Contra Costa, Case No. C94-04141
In response to Unocal's 16-day airborne release of chemicals over the County of Contra Costa in 1994, CVN filed a class action against the corporation on behalf of thousands of victims and thereafter served as one of a handful of firms (among dozens of law firms of record) on the Plaintiffs' Steering Committee. After hard-fought litigation, the matter eventually settled for $80 million. This litigation, Mr. Cole's efforts to commence it and his grassroots work and exposure of the toxic event to the media provide the backdrop for Mr. Cole's book, "Fallout," published in 2018 (2605 Media LLC). In the end, the impact of this litigation was sweeping, substantially changing practices at this refinery and industry regulations, helping to establish a toxic release community monitoring system that spawned similar systems across the nation, establishing parks, improved roadways and an unprecedented community-industry Good Neighbor agreement.

In re Walgreen Co. Wage and Hour Litigation
United States District Court (C.D. Cal.), Case No. 2:11-CV-07664
Our firm served as court-appointed Lead Counsel after an adversarial hearing process in this consolidated action of nine lawsuits bringing a variety of wage and hour claims on behalf of California workers. The case settled under Cole & Van Note's sole leadership for $23 million.

In re Westley Tire Fire Litigation

Superior Court of California, County of Santa Clara, Case No. CV 801282

On September 22, 1999, lightning struck and ignited a pile of approximately 7 million illegally stored waste tires in Westley, California, a town about 70 miles east of San Francisco. Over the subsequent five weeks, the fire spewed smoke and carcinogens over a large portion of the State of California. CVN served as the (sole) Lead and (shared) Liaison Counsel over a Plaintiffs' Steering/Management Committee in the consolidated actions against the owners and operators of this tire pile and related entities. These cases sought compensation for those individuals and businesses suffering personal and/or property damages as a result of these toxic substances and the fire's fall-out. In 2001, CVN reached a settlement with one defendant (CMS Generation Co.) for $9 million. In 2003, the Court granted final approval of the settlement. In 2005, two of the remaining defendants settled for roughly $1.4 million (over $10 million aggregate).

Kullar v. Foot Locker, Inc.

Superior Court of California, County of San Francisco, Case No. CGC-05-447044; 168 Cal.App.4th 116 (2008)

This class action was brought on behalf of California employees allegedly forced to purchase shoes of a distinctive color or design as a term and condition of their employment and in violation of state law. After the Court approved a multi-million settlement, two separate appeals challenged the settlement, but the Court of Appeal affirmed the trial court's judgment. This oft-cited case established in California what's now known as the "*Kullar standard*" for court approval of class action settlements.

Kurihara v. Best Buy Co., Inc.

United States District Court (N.D. Cal.), Case No. C 06-01884 MHP (EMC)

This class action was brought on behalf of Best Buy's California employees against this chain retailer for violations of California law (for denial of meal and rest periods). This case was granted class certification and Cole & Van Note then settled it for $5 million following an oft-cited ruling which clarified the distinction between class composition and entitlement to a recovery.

Lett v. TTEC

United States District Court (N.D. Cal.), Case No. 3:22-cv-00018

This action arose out of TTEC Service Corporation's massive data breach in 2021 which affected countless patients, consumers and employees. CVN helped negotiate a $2.5 million settlement for the class of victims.

Mambuki v. Securitas Security Services USA, Inc.

Superior Court of California, County of Santa Clara, Case No. 1-05-CV-047499 (JCCP No. 4460)

Our firm filed a claim against this defendant for violations of California law (for denial of meal and rest periods) on behalf of the company's California-based security guards. This coordinated proceeding settled in 2008 for $15 million.

Mendoza v. CaptureRx
United States District Court (W.D. Texas), Case No. 5:21-CV-00523-OLG
This class action against NEC Networks, LLC, d/b/a CaptureRx ("CaptureRx"), as well as Rite Aid and Community Health Centers of the Central Coast arising out of the massive data breach in 2021 which affected a minimum of 1.6 million people. The hacked information included sensitive personally identifiable information and personal health information. These consolidated cases settled in 2022 for a total value of over $4.75 million.

Moreland, et al. v. 1st Franklin Financial Corporation
United States District Court (N.D. Ga.), Case No. 2:23-cv-00038-SCJ
This action arose out of 1st Franklin Financial's 2022 data breach affecting this company's loan consumers. Cole & Van Note was appointed co-lead class counsel.

O'Brien v. Edward D. Jones & Co., LP
United States District Court (N.D. Ohio), Case No. 1:08-CV-00529
We filed a nation-wide (and New York State) class action against this financial securities company on behalf of the company's financial services representatives to recover overtime pay and related penalties. CVN served on a Lead Counsel Committee in this action, which settled in 2007 for $19 million.

Onyeige v. Union Telecard Alliance, LLC
United States District Court (N.D. Cal.), Case No. 3:05-CV-03971; MDL No. 1550
Our firm filed an action against Union Telecard Alliance, LLC alleging negligent misrepresentation and deceptive advertising practices related to its marketing of pre-paid telephone calling cards. This action settled for $22 million.

Prutsman v. Nonstop Administration and Insurance Services, Inc.
United States District Court (N.D. Cal.), Case No. 3:23-cv-01131-VC
This action arose out of Nonstop's massive 2022 data breach which affecting consumers, employees and health care affiliates. Cole & Van Note was appointed co-lead class counsel.

Ramirez v. The Coca Cola Company
Superior Court of California, County of San Bernardino, Case No. RCV 056388 (JCCP No. 4280)
This was one of two companion actions CVN prosecuted against this soft drink giant for violations of California's overtime laws. This action was brought on behalf of over 4,000 hourly workers at the company's bottling, distribution and sales centers who were allegedly forced to work "off-the-clock" for Coca Cola and/or whose time records were ordered modified by the company. This well-publicized action resolved under Cole & Van Note's leadership for $12 million.

Riordan v. Western Digital Corp.
United States District Court (N.D. Cal.), Case No. 5:21-CV-06074
This action arose out of the well-publicized widespread criminal data deletion of consumer hard drives in 2021. According to the lawsuit, the company knew of vulnerabilities in, at least,

six of its products for years which, ultimately, led to the erasure of data for countless purchasers of these products. CVN served as sole counsel for the victims.

Roman/Toussaint v. HanesBrands, Inc.
United States District Court (M.D. N.C.), Case No. 1:22-cv-00879-LCB-LPA
This case involved a data breach of HanesBrands' network system in which worker information was accessed and/or reviewed by cybercriminals.

Tambroni v. WellNow Urgent Care, P.C.
United States District Court (N.D. Ill.), Case No. 1:24-cv-01595
This action arose out of WellNow's 2023 data breach affecting over 400,000 patients. Cole & Van Note was appointed co-lead class counsel.

Thomas v. Cal. State Auto. Assoc.
Superior Court of California, County of Alameda, Case No. CH217752
Our firm filed this class action litigation on behalf of all California claims adjusters working for CSAA after mid-January 1997. This lawsuit alleged that, during those years, CSAA mis- classified these workers as exempt "administrators" and refused to pay them for overtime hours worked. This lawsuit settled for $8 million for nearly 1,200 workers.

Tierno v. Rite Aid Corporation
United States District Court (N.D. Cal.), Case No. 3:05-CV-02520
Our firm filed this action against Rite Aid Corporation on behalf of its salaried California Store Managers. It was alleged that defendant, purportedly the nation's third largest drug store chain, failed to pay overtime to those workers and denied them their meal and rest periods. In 2006, the federal court certified the class in this action, and approved a hard-fought settlement, achieved under Cole & Van Note's sole leadership, of $6.9 million.

Tsvetanova v. Regents of the University of California, dba U.C. San Diego Health
Superior Court of California, County of San Diego, Case No. 37-2021-00039888-CU-PO-CTL
This action arose out of U.C. San Diego Health's massive data breach between December 2020 and April 2021 which affected countless patients, consumers and employees. After reviewing numerous requests for leadership over these consolidated actions, Cole & Van Note was appointed by the court to a co-lead class counsel position.

Witriol v. LexisNexis
United States District Court (S.D. Cal.), Case No. 3:06-CV-02360
Our firm filed an action against this company for its unlawful disclosure of private credit, financial and/or other personal information. This litigation, resolved by Cole & Van Note, provided a settlement fund of $2.8 million.

CVN also serves in more informal (e.g., Executive Committee or Plaintiffs' Steering Committee) leadership positions in numerous other data breach cases and in sole counsel roles in many dozens more—actions currently pending across the majority of U.S. states.

### APPELLATE EXPERIENCE

CVN has substantial appellate experience, merely highlighted by some examples below. For other appellate and/or unreported opinions and/or a list of matters currently on appeal, please contact our firm.

Augustus v. ABM Security Services, Inc. (2016) 2 Cal.5th 257 (Case No. S224853).

Baddie v. Berkeley Farms, Inc. (9th Cir. 1995) 64 F.3d 487 (Case No. 93-17187).

Dunbar v. Albertson's, Inc. (2006) 141 Cal.App.4th 1422 (First Dist., Division 1, Case No. A111153).

In re Certified Tire and Service Centers Wage and Hour Cases (2018) 28 Cal.App.5th 1 (Cal. Ct. of Appeals, Fourth Dist., Division 1, Case No. A086407).

Kullar v. Foot Locker Retail, Inc. (2008) 168 Cal.App.4th 116 (Case No. A119697).

Montano v. The Wet Seal Retail, Inc. (2015) 232 Cal.App.4th 1214 (Cal. Ct. App. 2015)

O'Hara v. Factory 2-U Stores, Inc., 2003 WL 22451991 (Cal. Ct. of Appeals, First District, Division 4, Case No. A101452)

Taylor v. Park Place Asset Management (1999) (Cal. Ct. of Appeals, First Dist., Division 5, Case No. A086407).

Whiteway v. Fedex Kinko's Office and Print Services (9th Cir. 2009) 319 Fed.Appx. 688 (Case No. 07-16696).



555 12th Street, Suite 2100
Oakland, CA 94607
Tel: 510-891-9800

*www.colevannote.com*