UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SUSAN GARBARINO, *individually, and on behalf of all others similarly situated*, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | )  Case No. 4:23-cv-01326-JMB |
| NAHON, SAHAROVICH, & TROTZ, PLC, | ) ) ) ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

Now pending before the Court are Plaintiff Susan Garbarino's Unopposed Motion for Attorney's Fees, Costs, and Service Award (Doc. 32) and Plaintiff's Motion for Final Approval of Class Action Settlement (Doc. 34). For the reasons set forth below, the Motions are **GRANTED**.

### Background

On October 20, 2023, Plaintiff, Susan Garbarino, filed this class action lawsuit against Defendant, Nahon, Saharovich, & Trotz, PLC, a personal injury law firm, (Doc. 1), alleging that it was the subject of a cyber-attack that resulted in a data breach of Plaintiff's and others' protected health information ("PHI") and personally identifiable information ("PII"). According to the Complaint, the data breach occurred on June 28, 2023, but Plaintiff and Class Members were not informed of the breach until September 12, 2023.

Defendant filed its answer to the Complaint on December 7, 2023 (Doc. 15) and a Case Management Order was entered on January 23, 2024. The parties engaged in two mediations, on March 27, 2024 (Doc. 22) and July 23, 2024 (Doc. 27). On August 2, 2024, they filed a Joint Notice of Settlement (Doc. 28). As indicated in Plaintiff's unopposed motion for preliminary approval of the class action settlement, there are approximately 15,623 individual potential class

members (Doc. 30).  The parties agreed to a settlement fund amount of $232,500 to be divided on a pro rata basis to class members after deducting attorney fees and costs, administrative costs, an incentive award to Plaintiff, and reimbursement to any class member for actual damages/losses traceable to the data breach.

Thereafter, an Order granting preliminary approval of the class action settlement was entered (Doc. 31).  In that Order, the Settlement Class was defined as follows:

> "All individuals within the United States of America whose Personal Information was potentially exposed to unauthorized third parties as a result of the Data Security Incident."

(Doc. 31) (the class was certified with various exceptions set forth in that order).  The Court approved Plaintiff as a class representative, appointed class counsel, and appointed Epiq as the claims administrator.  The Court also approved the plan to notify the settlement class of the pendency of the litigation, the terms of the proposed settlement agreement, their rights under the proposed agreement, including their right to object, and other matters consistent with Federal Rule of Civil Procedure 23 and other applicable laws.  A final approval hearing was set for September 4, 2025.  The findings contained in the Order granting preliminary approval are incorporated herein as if fully set forth.

At that final approval hearing, the parties appeared by counsel (Doc. 35).  No class members appeared and no objections were made to the proposed settlement agreement.  Counsel represented that the notification scheme was largely successful, that Epiq received 927 total claims, and that no class member objected to the terms of the settlement agreement.  The parties also represented that no class member sought reimbursement for damages/loss attributable to the data breach and that the time for submitting a claim has passed.  The parties further noted that after

attorney fees and costs, administrative costs, and an incentive award are deducted,[1] the class member shall receive a pro rate share of the remaining settlement fund.

### Findings

Having considered Plaintiff's motions for final approval of class action settlement and for attorney fees, the exhibits and attachments thereto, the oral arguments presented at the fairness hearing, and the entire record in this matter, the Court finds the following:

A.      The Court certifies the following class under Federal Rule of Civil Procedure 23(a) and (b) for settlement purposes only:

> [A]ll individuals within the United States of America whose Personal Information was potentially exposed to unauthorized third parties as a result of the Data Security Incident.

The Settlement Class specifically excludes: Defendant and Defendant's parents, subsidiaries, affiliates, officers, and directors and any entity in which Defendant has a controlling interest, all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out, any and all federal, state, or local governments, including but not limited to its departments, agencies, divisions, bureaus, boards, sections, groups, counsel, and/or subdivisions, and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

B.      Federal Rule of Civil Procedure 23(e) provides that "[t]he claims, issues, or defenses of a certified class – or a class proposed to be certified for purposes of settlement – may be settled, voluntarily dismissed, or compromised only with the court's approval."  The court may approve a settlement if, taken as a whole, it is fair, adequate and reasonable.  See Marshall v. Nat'l Football League, 787 F.3d 502, 509 (8th Cir. 2015).  In doing so, the court must act as a fiduciary to guard

---

[1] In her motion, Plaintiff seeks $77,492.00 in attorney fees, $3,429.00 in litigation costs, and a $2,500 service award (Doc. 33).

the interest of absent class members. In re Wireless Tel. Fed. Cost Recovery Fees Litig., 396 F.3d 922, 932 (8th Cir. 2005). A settlement agreement can only be approved after adequate notice and a hearing. The Court finds that the proposed Settlement Agreement is the result of extensive, arm's length negotiations by competent counsel and that it is substantively fair, reasonable, and adequate.

The settlement enjoys a presumption of fairness. See, e.g., In re Uponor, Inc. F1807 Plumbing Fittings Prods. Liab. Litig., 716 F.3d 1057, 1063 (8th Cir. 2013) (settlement agreements are "presumptively valid"). Nonetheless, in evaluating fairness, the Court considers: (1) the merits of the plaintiff's case weighed against the terms of the settlement; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement. Van Horn v. Trickey, 840 F.2d 604, 607 (8th Cir. 1988). Of these, balancing the strength of the plaintiff's case against the terms of the settlement is the "single most important factor[.]" Id. As to the first factor, the Court concludes that the settlement represents a favorable result given the uncertainty of the trial, significant risks of delays, and potential adverse outcomes given the nature of the data breach. The settlement terms reflect the strength of Plaintiff's claims while avoiding the need for a burdensome trial. As to the second factor, there is no question that Defendant is financially capable of paying the settlement amount. As to the third factor, continued litigation would be both costly and uncertain. Absent approval of the settlement, the parties confront complex proceedings, followed by post-trial motions and likely appeals, all while Class Members remain uncompensated and litigation costs escalate.

As to the fourth factor, despite the size of the settlement class and effective notice, no member has objected to the settlement. The Court further finds that the class representative and class counsel have adequately represented the class. Class counsel has significant experience litigating data breach claims and has negotiated a significant benefit for class members. As noted

above, that negotiation was extensive and at arm's length, comprising of two mediations and the exchange of significant documents. Finally, notice to the class was adequate and the proposal treats all class members equitably relative to each other. Accordingly, the Court finds the settlement is the result informed, arms-length negotiations, that it is fair and reasonable, and that it represents a sound compromise between the uncertainties of continued litigation and the substantial benefits of settlement.

C.     Attorney Fees, Costs, and Service Award

Federal Rule of Civil Procedure 23(h) authorizes a court in a certified class action to "award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." In the Eighth Circuit, courts apply either the lodestar method or the percentage-of-the-fund method to determine reasonable attorney's fees. Johnston v. Comerica Mortg. Corp., 83 F.3d 241, 244–45 (8th Cir. 1996). Under the lodestar method, "the hours expended by an attorney are multiplied by a reasonable hourly rate of compensation so as to produce a fee amount which can be adjusted, up or down, to reflect the individualized characteristics of a given action." Id. at 244. The percentage-of-the-fund method awards "fees that [are] equal to some fraction of the common fund that the attorneys were successful in gathering during the course of litigation." Id. at 244–45. "It is within the discretion of the district court to choose which method to apply, as well as to determine the resulting amount that constitutes a reasonable award of attorney's fees in a given case." In re Life Time Fitness, Inc., Tel. Consumer Prot. Act (TCPA) Litig., 847 F.3d 619, 622 (8th Cir. 2017) (quotation marks and citations omitted).

In assessing reasonableness under either approach, courts may consider relevant factors derived from the twelve factors set forth in Johnson v. Georgia Highway Express, 488 F.2d 714,

719–20 (5th Cir. 1974).[2] See Huyer v. Buckley, 849 F.3d 395, 399 (8th Cir. 2017) (finding no error in reliance on Johnson factors under the percentage-of-the-fund method); Marez v. Saint-Gobain Containers, Inc., 688 F.3d 958, 966 & n.4 (8th Cir. 2012) (approving reliance on *Johnson* factors under the lodestar method). Not all factors are pertinent in every case, and the Court has discretion to determine which factors apply and the weight to assign them. See In re Target Corp. Customer Data Sec. Breach Litig., 892 F.3d 968, 977 (8th Cir. 2018). The relevant Johnson factors in this case include: (1) the time and labor required; (2) the amount involved and the results obtained; (3) the skill required by counsel to perform the work properly; (4) the experience, reputation, and ability of the attorneys; and (5) awards in similar cases. See Johnson, 488 F.2d at 719–20.

Class Counsel seeks an award of attorney fees in the amount of 33 percent ($77,492) of the total settlement fund ($232,500) (Doc. 34, p. 10). In addition, Class Counsel requests an award of litigation costs and expenses in the amount of $3,429. Both the requested fees and expenses were disclosed in the notice provided to all potential Class Members.

The Court finds that an award of 33 percent of the settlement fund is consistent with fee awards approved within the Eighth Circuit. See, e.g., In re U.S. Bancorp Litigation, 291 F.3d 1035, 1038 (8th Cir. 2002) (holding that a district court's award of 36 percent of a class action settlement fund was not an abuse of discretion). This case has been ongoing since 2023 and has involved motion practice, informal but extensive discovery, and two mediations. In addition, Class Counsel

---

[2] The twelve Johnson factors are (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 719–20.

has relevant experience in complex class action litigation, including matters involving data privacy issues. Class Counsel effectively negotiated a settlement on behalf of the class and ensured an adequate notice process. The settlement agreement drew no objections from Class Members.

Although not required, the Court also conducted a lodestar cross-check on the attorney fee award. See Petrovic, 200 F.3d at 1152. The Court determines that the award corresponds to a lodestar multiplier of 1.03, that hours expended and rates submitted by Class Counsel are reasonable, and that the multiplier is consistent with those approved in comparable cases. See, e.g., Keil v. Lopez, 862 F.3d 685, 701 (8th Cir. 2017) (affirming an attorney fee award of 25 percent of a $32 million settlement fund, reflecting a lodestar multiplier of 2.7). With respect to litigation costs, Class Counsel has submitted an itemized list of expenses for filing and service, mediation, and copies and supplies, totaling $3,429 (Doc. 33-1). The Court finds these expenses were reasonably and necessarily incurred during the litigation and are therefore recoverable. Accordingly, the Court concludes that both the requested attorney fee award and the reimbursement of litigation costs are reasonable.

Class counsel also seeks a service award of $2,500 for the named Plaintiff in recognition of Plaintiff's efforts in this case. Courts frequently approve such awards in class actions "to promote the public policy of encouraging individuals to undertake the responsibility of representative lawsuits." See Caligiuri v. Symantec Corp., 855 F.3d 860, 867 (8th Cir. 2017). The Court finds the requested award reasonable and accordingly approves a service award of $2,500 to the class representative.

In sum, from the total settlement fund, the Court awards attorney fees of $77,492, reimbursement of litigation costs of $3,429, and a service award of $2,500 to the class representative.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that:**

Plaintiff's Unopposed Motion for Attorney's Fees, Costs, and Service Award (Doc. 32) is **GRANTED** and Plaintiff's Motion for Final Approval of Class Action Settlement (Doc. 34) is likewise **GRANTED**.  Specifically, the Court orders as follows:

(1) The Settlement Agreement submitted by the parties for the Settlement Class is approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, reasonable and adequate and in the best interests of the Settlement Class.  The Settlement Agreement shall therefore be deemed incorporated herein, and the proposed Settlement is finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended or clarified by any subsequent order issued by this Court.  Judgment is hereby entered in favor of the Plaintiff, on the terms set forth in the Settlement Agreement.

(2) As agreed by the parties in the Settlement Agreement, upon the Effective Date, the Released Parties shall be released and discharged in accordance with the Settlement Agreement.  Each Settlement Class Member is permanently barred and enjoined from instituting, maintaining or prosecuting, either directly or indirectly, any lawsuit that asserts Released Claims against the Released Parties.

(3) Without affecting the finality of this judgment, the Court hereby reserves and retains jurisdiction over this Settlement, including the administration and consummation of the Settlement.  In addition, without affecting the finality of this judgment, the Court retains exclusive jurisdiction over Defendant and each Settlement Class Member for any suit, action, proceeding or dispute arising out of or relating to this Order, the Settlement Agreement or the applicability of the Settlement Agreement.  Without limiting the generality of the foregoing, any dispute concerning the Settlement Agreement, including, but not limited to, any suit, action, arbitration or other

proceeding by a Settlement Class Member in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action or proceeding arising out of or relating to this Order. Solely for purposes of such suit, action or proceeding, to the fullest extent possible under applicable law, the parties hereto and all members of the Settlement Class are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

(4) Upon consideration of Class Counsel's application for fees and costs, the Court awards $77,492 as reasonable Attorneys' Fees and reimbursement for litigation fees in the amount of $3,429, to be paid by Defendant from the settlement fund.  Furthermore, Settlement Administrator Epiq Class Action & Claims Solutions, Inc., is awarded $58,000, to be paid by Defendant.

(5) Upon consideration of the application individual service awards, Representative Plaintiff is awarded the sum of $2,500 to be paid by Defendant from the settlement fund, in consideration for the service she has performed for, and on behalf, of the Settlement Class.

(6) The Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay, and hereby directs the Clerk to enter final judgment forthwith.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 15th day of October, 2025